IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 11-23-BU-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MARTY ALLEN MOORE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The defendant, Marty Moore, moves the Court to sever Count IV of the Indictment and order a separate trial. (Dkt # 18). Mr. Moore argues that Count IV (mail fraud) should be severed from Counts I–III (wire fraud) under Federal Rule of Criminal Procedure 8(a) because the counts are unrelated.

Rule 8(a) permits joinder of multiple counts that "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitution parts of a common scheme or plan." The validity of joinder must be

1

evident from the allegations in the indictment. United States v. Jawara, 474 F.3d 565, 573 (9th Cir. 2007).

Joinder of Count IV and Counts I–III is permissible here for two reasons. First, Count IV and Counts I–III "are of the same or similar character." Fed. R. Crim. P. 8(a). When considering whether counts have the same or similar character, courts must consider the elements of the offenses, the temporal proximity of the acts, the likelihood and extent of evidentiary overlap, the physical location of the acts, the modus operandi of the crimes, and the identity of the victims. Jawara, 474 F.3d at 578. Here, while Count IV does not charge the same species of fraud as Counts I–III, it alleges a similar type of fraud. There is also temporal overlap between the offenses, having all begun in the fall of 2008. As the United States argues, there is likely to be substantial evidentiary overlap, particularly with regard to the nature of the White Thunder, LLC, entity and how it was allegedly used to perpetrate fraud. Finally, Mr. Moore's alleged modus operandi in both counts was similar—the United States claims he used a fictitious business entity, White Thunder, LLC, to perpetrate fraud against his victims. In their totality, these factors show that the wire fraud and mail fraud counts are of a sufficiently similar character. Fed. R. Crim. P. 8(a).

Second, for many of the same reasons, the Indictment shows that Counts IV

and Counts I–III were "part[ ] of a common scheme or plan." Id. Counts are part of a common scheme or plan when they "grow out of related transactions." Jawara, 474 F.3d at 574 (citations and internal quotation marks omitted). Here, while the precise nature of Mr. Moore's alleged wire fraud and mail fraud is not identical, the fraud counts "grow out of related transactions," id., because they were rooted in the same fraudulent framework: the Indictment alleges that Mr. Moore fraudulently induced his victims to invest in or make payments to his White Thunder, LLC, business. This case is therefore distinguishable from Jawara. There, the Ninth Circuit concluded that the only commonality between the counts at issue was that they were related to immigration and, as a result, they were not part of a common plan or scheme. Here, though, the wire fraud and mail fraud counts have more in common than the generic allegation of fraud. They involve strikingly similar and related mechanisms of fraud. As a result, the Court concludes that Count IV and Counts I–III are "part[ ] of a common scheme or plan." Fed. R. Crim. P. 8(a)

Since Counts IV and I–III satisfy at least one of the elements in Rule 8(a), the counts are properly joined.

Accordingly, IT IS ORDERED that the defendant's, Marty Moore's, motion to sever Count IV (dkt # 18) is DENIED.

Dated this 29th day of November, 2011.

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT